IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DENISE CAROL FATH, | ) |
| Plaintiff, | ) Civil Action No. 2:12-cv-00989 |
| v. | ) Judge Mark R. Hornak |
| HERITAGE VALLEY MEDICAL GROUP, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

**Mark R. Hornak, United States District Judge**

Pending before the Court is Defendant Heritage Valley Medical Group's ("Heritage") Motion to Dismiss, in which Heritage requests that Plaintiff Denise Carol Fath's Amended Complaint be dismissed under Fed. R. Civ. P. 12(b)(6). Having carefully considered Plaintiff's Amended Complaint, ECF No. 10; Defendant's Motion to Dismiss, ECF No. 11, and Brief in Support, ECF No. 12; Plaintiff's Response, ECF No. 13; and Defendant's Reply, ECF No. 14, Defendant's Motion is granted in part and denied in part.

### I. BACKGROUND

When considering a motion to dismiss under Fed. R. Civ. P. 12, the Court must accept the factual allegations in the Complaint as true and draw all reasonable inferences in the Plaintiff's favor. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Therefore, for the purposes of the disposition of Defendant's Motion, the essential facts are as follows.

Ms. Fath was and remains an employee of Heritage. Am. Compl. ¶ 2. She is currently a medical office coordinator/posting clerk at Heritage's office in Beaver, Pennsylvania, where she also worked during the time of the events at issue. *Id.* ¶ 11. In July 2011, Ms. Fath requested and was approved for twelve (12) weeks of intermittent leave under the Family Medical Leave Act of 1993 ("FMLA"), 29 U.SC. 2600 *et seq.*, in order to take care of her "ailing mother" who lives with her. *Id.* ¶¶ 5, 12-13. She began using this leave in December 2011, *id.* ¶ 15, and in April 2012 she was "recertified for FMLA" and "was approved to care for her mother," *id.* ¶ 26. Before allowing Ms. Fath to take her FMLA leave time, Heritage required that she "exhaust her vacation/personal time," *id.* ¶ 16, and also denied her prescheduled vacation/personal days, *id.* ¶ 25.

Ms. Fath alleges that Heritage interfered with her exercise of her FMLA leave. For example, her employer initially told her she had to work five days a week and ordered her not to take her approved leave, *id.* ¶ 18, later that she could not use her leave on Mondays and Fridays, *id.* ¶ 20, and at one point misrepresented to her that she had to re-certify her leave every six months, *id.* ¶ 27. Her supervisor, Practice Manager Stephen Thomas, also allegedly yelled at, harassed, and made various threats to Ms. Fath at various times for taking leave. *Id.* ¶¶ 21-24, 34-35, 40, 46. Around April 10, 2012, after Ms. Fath complained to Heritage's Human Resources Department about her mistreatment, Thomas began to serve her with written warnings for "insubordination" and "failing to follow instructions." *Id.* ¶¶ 28-31. Due to this mistreatment, Ms. Fath "has leave available, but is afraid to use it and is being prevented from using it on Mondays and Fridays." *Id.* ¶ 47.

On July 15, 2012, Ms. Fath filed suit, alleging that Heritage violated the FMLA by interfering with her rights to leave and by harassing and retaliating against her for engaging in

protected activity under the FMLA. ECF No. 1. Specifically, Ms. Fath alleges that the damages caused by Heritage's unlawful acts are:

> (a) The complete loss of sick time;
> (b) The complete loss of vacation time;
> (c) The loss of time available to treat her own medical conditions;
> (d) The loss of husband's overtime wages due to his transportation of mother-in-law to medical appointments;
> (e) Increased travel and fuel costs from work to medical appointments in Beaver County;
> (f) The loss of rent money from [her] mother's home;
> (g) The denial of an anticipated review and accompanied raise in retaliation for her protected activity.

Am. Compl. ¶ 59. Defendant now moves to dismiss under Fed. R. Civ. P. 12(b)(6) on two grounds: (1) Plaintiff has not sufficiently alleged that her mother suffered a "serious health condition" as is required for Plaintiff to be an eligible employee under the FMLA; and (2) Plaintiff has not alleged that she suffered any damages that are legally cognizable under the FMLA. Because Plaintiff has already amended her complaint once before, Defendant argues, the Amended Complaint should be dismissed with prejudice. *See* ECF No. 12 at 7-8.

## II. DISCUSSION

### A. Standard of Review

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must allege "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The District Court must accept the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009)). In short, a motion to dismiss should be granted if a party does not allege facts which could, if established at trial, entitle her to relief. *See Fowler*, 578 F.3d at 211.

**B. Serious Health Condition**

Under the FMLA, an employee is entitled to up to twelve (12) workweeks of leave "[i]n order to care for a . . . parent of the employee, if such . . . parent has a serious health condition." 29 U.S.C. § 2612(a)(1)(C). "The term 'serious health condition' means an illness, injury, impairment, or physical mental condition that involves inpatient care in a hospital, hospice, or residential medical care facility; or continuing treatment by a health care provider." 29 U.S.C. § 2611(11); *see also* 29 C.F.R. §§ 825.113-15. Defendant argues that because Ms. Fath has only alleged that she cares for her "ailing mother," Am. Compl. ¶ 13, and that she is "eligible for rights pursuant to FMLA," *id.* ¶ 48, she has not sufficiently pled or shown that her mother suffers from a "serious health condition" within the meaning of the FMLA, and therefore has not shown that she is entitled to relief under the Act.

However, Ms. Fath has also alleged that she twice presented to her employer certifications of her mother's illness, after which her employer actually approved her FMLA leave. *Id.* ¶¶ 12-14, 26. By statute, these certifications must be produced by the patient's "health care provider," 29 U.S.C. § 2613(a), and must contain, *inter alia*, "the date on which the serious health condition commenced; the probable duration of the condition; [and] the appropriate medical facts within the knowledge of the health care provider regarding the condition," *id.* § 2613(b). Defendant does not claim in its briefing that it does not know the nature of Ms. Fath's mother's health condition, nor does it dispute that the condition was in fact a "serious health condition" under the FMLA, nor does it contest that it in fact accepted the proffered certifications and approved the FMLA leave requests based on them. Instead, Defendant claims that because Plaintiff has not specified in her pleadings in this Court what this "serious health condition" was, she now fails to sufficiently allege that she is eligible for FMLA protection.

4

Defendant's contention substantially elevates form over substance. Because Defendant has twice certified Ms. Fath's mother's "serious health condition," it is difficult (perhaps impossible) for Defendant to effectively argue that it is not on notice as to the nature of the claims against it. *See* Fed R. Civ. P. 8(a)(2). That fact also makes it plausible for this Court to properly infer under the *Twiqbal* pleading standards[1] that, based on all of the facts as pled in the Amended Complaint, Ms. Fath's mother did in fact suffer from a serious health condition as required by the FMLA.

The case cited by Defendant in support of its argument, *Michels v. Sunoco Home Comfort Serv.*, CIV.A. 04-1906, 2004 WL 2897945 (E.D. Pa. Dec. 13, 2004), is not to the contrary. In *Michels*, the court granted a motion to dismiss where the plaintiff only claimed that he suffered from a "serious health condition," without specifying that illness. *Id.* at *3. In that case, however, the plaintiff also "ha[d] not alleged that any absences from his employment were subject to the FMLA," and had at no point notified his employer that he was seeking leave under the FMLA. *Id.* Correctly, the court reasoned that the plaintiff could not establish his serious health condition "merely by alleging his condition to be so." *Id.* (quoting *Haefling v. United Parcel Service, Inc.*, 169 F.3d 494, 499 (7th Cir.1999)).

*Michels'* facts are in stark contrast to those here, where Ms. Fath sought and received from her employer leave under the FMLA, providing (apparently unchallenged) medical certifications as to the "serious health condition" of her mother. Both employer and employee appear to be in agreement that FMLA leave was approved; they only dispute the ease with which Ms. Fath was able to actually exercise that leave. Whether or not based on the facts of Ms. Fath's mother's illness, she indeed suffered from a "serious health condition" within the meaning

---

[1] "*Twiqbal*" refers to the civil pleadings standards as expounded by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

of the FMLA may well play out further at the summary judgment stage.[2] But unlike the plaintiff in *Michels*, viewing all of the pled facts in the light most favorable to Ms. Fath, she has sufficiently pled at the motion to dismiss stage that her mother suffered from a "serious health condition" under the FMLA.

### C. Damages Claims

Under the FMLA, a plaintiff may only receive damages for:

> the amount of (I) any wages, salary, employment benefits, or other compensation denied or lost to such employee by reason of the violation; or (II) in a case in which wages, salary, employment benefits, or other compensation have not been denied or lost to the employee, any actual monetary losses sustained by the employee as a direct result of the violation, such as the cost of providing care, up to a sum equal to 12 weeks . . . of wages or salary for the employee . . . . and for such equitable relief as may be appropriate, including employment, reinstatement, and promotion.

§§ 2617(a)(1)(A)-(B). In other words, "the cause of action under the FMLA is a restricted one: The damages recoverable are strictly defined and measured by actual monetary losses." *Nev. Dep't of Human Res. v. Hibbs*, 538 U.S. 721, 739-40 (2003).

Plaintiff lists seven types of damages she allegedly suffered. Am. Compl. ¶ 59. The first three, ¶¶ 59(a)-(c), complain that Plaintiff lost use of her own sick/vacation days when Heritage required her to exhaust them first. However, the FMLA expressly "reserves to employers the right to require an employee to substitute any accrued paid leave for leave provided pursuant to the FMLA." *Olejarz v. Shaler Twp.*, CIV.A. 08-1153, 2010 WL 2331066, at *8 n.4 (W.D. Pa. June 4, 2010) (citing *Slentz v. City of Republic, Mo.*, 448 F.3d 1008, 1010 (8th Cir. 2006)); 29 U.S.C. § 2612(d)(2). Ms. Fath does not allege that any of the actions her employer took were in derogation of the provisions of § 2612(d)(2), but rather, asserts her personal belief in the unfairness of this action. *See* Am. Compl. ¶ 55. Even so, the loss of Ms. Fath's personal sick

---

[2] And it may well also be that in order to survive summary judgment, Plaintiff will eventually have to divulge the nature of that illness, notwithstanding Plaintiff's assertions that HIPAA bars such disclosure. *See* ECF No. 13 at 3.

and vacation leave days is not cognizable as damages suffered under the FMLA. Therefore, Defendant's Motion with respect to damages claims at ¶ 59(a), (b), and (c) will be granted.

Ms. Fath also alleges as damages: (d) the loss of her husband's overtime wages when he had to transport Ms. Fath's mother, (e) travel expenses she incurred in traveling from work to medical appointments, and (f) the "loss of rent money from [her] mother's home." Am. Compl. ¶ 59. The FMLA permits an employee to recover, in the alternative to lost compensation, "any actual monetary loss sustained by the employee as a direct result of the violation, such as the cost of providing care. . ." 29 U.S.C. § 2617(a)(1)(A)(i)(II). Neither the statute nor the Secretary of Labor's implementing regulations further define what economic harms are "direct," or what types of expenses other than "the cost of providing care" might be available. *See generally* 29 C.F.R. §825.400. While some of these claimed losses might be on the more speculative end of the damage continuum (and their predicate facts will need to be fleshed out more fully in the discovery stage in order to survive a later dispositive motion) the Court finds it difficult to conclude at this point that Ms. Fath has not alleged sufficient facts from which it could be inferred that the damages enumerated in ¶59(d), (e), and (f) were actual monetary losses that she suffered as a direct result of her employer's interference with her FMLA rights under § 2617(a)(1)(A)(i)(II). Therefore, Defendant's Motion with respect to damages claims (d), (e), and (f) will be denied without prejudice.

With regards to Plaintiff's claim that she suffered "the denial of an anticipated review and accompanied raise in retaliation for her protected activity," Am. Compl. ¶59(g), she has properly asserted a claim that she was denied or lost "wages, salary, employment benefits, or other compensation" under § 2617(a)(i)(A)(i)(I). *See Nero v. Indus. Molding Corp.*, 167 F.3d 921, 930 (5th Cir. 1999) (list includes damages that relate to a "*quid pro quo* exchange between the

7

employee and the employer"). The Court does not find it difficult to conclude that the denial of a review and accompanied raise might constitute a denial of "compensation" under § 2617(a)(i)(A)(i)(I). As the litigation progresses, Plaintiff will bear the burden of showing, for example, that such denial actually existed and the way in which it was retaliatory. But at this stage Plaintiff has met her burden by alleging an economic loss in terms of employment compensation. Therefore, Defendant's Motion with respect to damages claim ¶ 59(g) will be denied without prejudice.

To be sure, the language of § 2617(a)(1) makes clear that an FMLA plaintiff may not recover for *both* "wages, salary, employment benefits, or other compensation," § (A)(i)(I), *and* "actual monetary losses sustained by the employee . . . such as the cost of providing care," § (A)(i)(II), as the latter are available only "where no such tangible loss [in benefits or compensation] has occurred," *id. See also Barrilleaux v. Thayer Lodging Grp., Inc.*, CIV. A. 97-3252, 1998 WL 614181 (E.D. La. Sept. 10, 1998) (plaintiff may not recover under both provisions); *Jadwin v. Cnty. of Kern*, 76 Fed. R. Serv. 3d 715 (E.D. Cal. 2010) (same).[3] However, plaintiffs are permitted to plead alternate statements of a claim under the Federal Rules, and therefore Ms. Fath's claims for damages in ¶ 59(d)-(f) and (g) are each sufficient to survive a motion to dismiss, even though she will inevitably have to choose between them at some later point. *See* Fed. R. Civ. P. 8(d).

The Court concludes that the Motion to Dismiss the Amended Complaint should be granted in part and denied in part. The Motion is denied to the extent that it seeks dismissal of

---

[3] With regards to the interaction between §§ (A)(i)(I) and (A)(i)(II), it is also worth noting that while the courts appear to agree that the former does not permit consequential damages, reasoning that they do not arise out of the "*quid pro quo*" employment relationship, *e.g., Nero v. Indus. Molding Corp.*, 167 F.3d 921, 930 (5th Cir. 1999); *Lloyd v. Wyoming Valley Health Care Sys., Inc.*, 994 F. Supp. 288, 291 (M.D. Pa. 1998), they do not discuss the extent of consequential damages under the latter. Indeed, § (A)(i)(II) seems to explicitly contemplate certain kinds of consequential damages, as long as they are "actual monetary losses sustained by the employee as a direct result of the violation." *See also Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81, 87 (2002) (Under the FMLA, "violators are subject to consequential damages and appropriate equitable relief, § 2617(a)(1).").

the case based on Ms. Fath's failure to specify the "serious health condition" suffered by her mother. The Motion is granted to the extent that Ms. Fath may not pursue her claims for damages in the form of any loss of personal/sick/vacation time, but denied without prejudice to the extent that Ms. Fath may pursue all other damages claims in the Amended Complaint. An appropriate order will follow.

Mark R. Hornak
United States District Judge

Dated: February 1, 2013

cc:  All counsel of record